SARAH CRIMP ET AL. v. D. A. YOKELEY ET AL.

Decided January 21, 1899.

1. **Deed—Description of Land.**

A description of the property in a power of attorney, as "all that half section of land numbered 2509, containing 320 acres of land in P. County," is sufficient, if there is a tract answering to that description, and there is no evidence that there is more than one tract having that number.

2. **Same—Married Woman Using Former Name.**

Evidence that a power of attorney to sell land purports to be signed by the name which the principal had borne before her marriage, which preceded the date of the power, is not persuasive against the genuineness of the signature, where it appears that the land was conveyed to her in that name, although her marriage. also preceded that conveyance.

APPEAL from Palo Pinto. Tried below before Hon. J. S. STRAUGHAN.

*Warren D. Eisenberg, William Wallace,* and *F. E. Dycus,* for appellants.

*Theodore Mack,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellants against appellees in the District Court of Palo Pinto County, on the 23d day of July, 1894, to recover 320 acres of land lying in said county, known as Texan Emigration and Land Company 'survey No. 2509. Plea, not guilty. The cause was tried by the court without a jury, who rendered judgment in favor of defendants, wherefore the plaintiffs have appealed.

The land was patented to the Texan Emigration and Land Company October 13, 1858, and by that company, in November, 1859, conveyed to Sallie Luscombe, of Modbury, Devonshire, England; conveyed as survey No. 2509. Sallie Luscombe, whose maiden name was Sallie Peters, was the widow of Robert Luscombe, who died about the year 1839. The widow married Pearce in 1850, and lived with him until his death in 1871. She died in 1877. The plaintiffs are her heirs.

On April 12, 1873, at Plymouth, England, Sallie Luscombe executed, in that name, a power of attorney to George Cumings Peters, of Guelph, Canada West, North America, authorizing him in her name to sell and convey the land in question, describing it thus: All that half section of land numbered 2509, containing 320 acres of land, in Palo Pinto County, Texas, and all other my lands in Texas. This power of attorney was recorded in Palo Pinto County, July 21, 1873, and neither Sallie Luscombe nor her heirs have rendered or paid taxes on the land since that year. The defendants below hold under a deed made by Sallie Luscombe, by George Cumings Peters, as attorney in fact, dated May 15, 1873, recorded in Palo Pinto County, July 21, 1873.

It is contended that the power of attorney did not sufficiently describe the land to enable Peters to convey it, appellant insisting that it did not designate which half of the section 2509 she owned and author-

ized him to sell. We understand from the patent, which the statement of facts shows contained the same description of the land as is contained in plaintiff's petition, that it was patented as a half section in one survey of 320 acres, and was numbered by the Texan Emigration and Land Company as 2509, surveyed by virtue of certificate No. 2509. If this is so, the description is perfect, unless there were other half section surveys in the county of the same number, patented to the same company; and if this was the case, plaintiffs should have proved it. In the absence of such proof, the description was sufficient, and we overrule this point as made by appellants.

Appellant's next assignment of error is that the court erred in rendering judgment for appellees, because the weight of the evidence established that the said power of attorney was a forgery. The proposition under this assignment is as follows: "The proof clearly shows that the owner of this land, Sallie Luscombe, was Mrs. Sallie Pearce in 1873, the date of the pretended power of attorney and deed under it, and at the time it was recorded, and that she had been such for years before. The record shows no proof or evidence that the said Sallie Pearce signed her former name, Sallie Luscombe, to this instrument, and the instrument itself does not throw any light on it. We take it that defendants should be required to show or give some explanation of how it came or who signed the name of Sallie Luscombe. We believe she could not of her own volition sign the name of Sallie Luscombe, so as to convey title. If she did, it would only convey her title by way of estoppel. That she did not sign and never knew of this pretended power of attorney we feel certain, or it would have described her change of name."

It does not appear that any objection was made to the introduction of the power of attorney, and it therefore stood as competent testimony to prove whatever its contents declared. The title was conveyed to her in the name of Sallie Luscombe, July 21, 1873, though at that time she was the widow Pearce, she having married Pearce in 1850 and lived with him until his death in 1871. The record fails to explain to us why she took the title in that name, but having taken it in that name, we see no reason why she should not convey it by the same name.

We find no error in the judgment and it is affirmed.

*Affirmed.*